USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------- x

UNITED STATES OF AMERICA

    - v. -

IDRIS SUTTON,

        Defendant.

--------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

23 Cr. 401 (NSR)

WHEREAS, on or about August 8, 2023, IDRIS SUTTON (the "Defendant"), was charged in an Indictment, 23 Cr. 401 (NSR) (the "Indictment"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); possession with intent to distribute narcotics, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) (Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2 (Count Three); unlawful possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (Count Four); and possession of a firearm with a defaced serial number, in violation of Title 18, United States Code, Section 922(k) and 2 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property, constituting or derived from proceeds obtained, directly or indirectly as a result of the offenses charged in Counts One and Two of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of all firearms and ammunition involved in and used in the offenses charged in Counts Three through Five of the Indictment, including but not limited to a FMK 9mm semiautomatic handgun;

WHEREAS, on or about March 29, 2023, pursuant to a warrant entered by the Hon. Andrew E. Krause, United States Magistrate Judge for the Southern District of New York, the Government seized from the Defendant at the time of his arrest in Middletown, New York, the following property:

   a. $1,911 in United States currency from the Defendant;

   b. $2,470 in United States currency seized from the Defendant's hotel room;

   c. $18,870 in United States currency seized from the Defendant's storage unit;

(a. through c., collectively, the "Currency");

   d. One defaced FMK 9 mm semiautomatic handgun seized from the Defendant's storage unit (the "Firearm"); and

   e. One magazine loaded with eleven rounds of Blazer 9 mm ammunition seized from the Defendant's storage unit (the "Ammunition");

(the Currency, Firearm and Ammunition, collectively, the "Specific Property");

WHEREAS, on or about December 17, 2024, the Defendant pled guilty to Counts Two and Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts Two and Three of the Indictment and agreed to forfeit to the United States: (i) pursuant to Title 21, United States Code,

Section 853, any and all property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of the offense charged in Count Two of the Indictment, and any and all property used, or intended to be used, to commit or facilitate the commission of the offense charged in Count Two of the Indictment, including a sum of money representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment; and (ii) pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all firearms involved in and used in the offenses charged in Count Three of the Indictment;

  WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $23,251 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained;

  WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest the Specific Property, of which the Currency constitutes proceeds traceable to the commission of the offense charged in Count Two of the Indictment, and the Firearm and Ammunition constitutes firearms and ammunition involved in or used in the offense charged in Count Three of the Indictment;

  WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Currency; and

  WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by Edward Y. Kim, Acting United States Attorney for the Southern District of New York, Assistant United States Attorney Jared Hoffman, of counsel, and the Defendant and his counsel, Michael K. Burke, Esq., that:

1. As a result of the offenses charged in Count Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $23,251 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts Two and Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant IDRIS SUTTON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By: _____      12/17/2024
    JARED HOFFMAN                   DATE
    Assistant United States Attorney
    50 Main Street, Suite 1100
    White Plains, NY 10601
    (914) 993-1928


IDRIS SUTTON

By: _____      12/17/24
    IDRIS SUTTON                    DATE

By: _____      12/17/24
    MICAHEL K. BURKE, ESQ.          DATE
    Attorney for Defendant
    55 Church Street, Suite 211
    White Plains, NY 10601


SO ORDERED:

_____          12/17/2024
HONORABLE NELSON STEPHEN ROMÁN     DATE
UNITED STATES DISTRICT JUDGE